IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tariq Rafati, | No. CV 07-0705-PHX-PGR (ECV) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Phillip Crawford, | |
| Respondent. | |

TO THE HONORABLE PAUL G. ROSENBLATT, UNITED STATES DISTRICT JUDGE:

    On April 5, 2007, Petitioner Tariq Rafati filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 alleging that immigration officials were holding him in detention pending his removal from the United States to Israel, but that his removal cannot be effected. Doc. #1. Petitioner seeks an immediate release from custody on the grounds that his indefinite detention is not authorized by law because there is no prospect that he will be removed in the reasonably foreseeable future. See Zadvydas v. Davis, 533 U.S. 678 (2001) (when there is no reasonable likelihood that a foreign government will accept an alien's return in the reasonably foreseeable future, the INS may not detain the alien for more than the presumptively reasonable period of six months). In an order filed on May 4, 2007, the District Judge reviewed the petition and directed Respondent to file an answer. Doc. #3.

1    On May 22, 2007, Respondent filed a "Suggestion of Mootness" in which he contends that Petitioner was released under an Order of Supervision on May 21, 2007. In the filing, Respondent provides a copy of the Order of Supervision establishing that Petitioner was released from custody on that date. Because Respondent's evidence demonstrates that Petitioner has obtained the relief that he sought in his petition, this action is moot. The court will therefore recommend that the Petition for Writ of Habeas Corpus be dismissed.

**IT IS THEREFORE RECOMMENDED:**

That Petitioner's Petition for Writ of Habeas Corpus (Doc. #1) be **DISMISSED** without prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have ten days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation. See Fed. R. Civ. P. 72.

DATED this 12th day of June, 2007.

_____
Edward C. Voss
United States Magistrate Judge